Jeanette E. McPherson, NV Bar No. 5423
Lenard E. Schwartzer, NV Bar No. 0399
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Counsel for Petitioner*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | Case No. BK-S-12- |
|---|---|
| **Petition of NATURA WORLD, INC.,** (Canadian Case No. 35-1573267) | Chapter 15 |
| Debtor in a Foreign Proceeding. | |

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING**

Natura World, Inc. (the "Petitioner" or "Company"), duly authorized foreign representative, by and through its United States counsel, Schwartzer & McPherson Law Firm, respectfully submits this Memorandum Of Law In Support Of Verified Petition Under Chapter 15 Of The Bankruptcy Code For Recognition Of A Foreign Main Proceeding, dated January 26, 2012 (the "Verified Petition").[1]

**PRELIMINARY STATEMENT**

Chapter 15 of the U.S.C. §§ 101-1532 (the "Bankruptcy Code") authorizes this Court to recognize a foreign main proceeding (as that term is defined in sections 101(23) and 1502(4)) upon the proper commencement of a chapter 15 case under sections 1504, 1515, and 1517 by a foreign representative (as that term is defined in section 101(24)). As described herein, the

---

[1] Any term not defined herein shall have the meaning ascribed to it in the Verified Petition.

Verified Petition has satisfied all of the statutory requirements under the Bankruptcy Code necessary for an order recognizing the Company's voluntary proceeding under the Bankruptcy and Insolvency Act in Canada as a foreign main proceeding under chapter 15, and Petitioner's request is consistent with the goals of chapter 15 to foster international cooperation and assistance to foreign courts. Accordingly, pursuant to section 1517(a) of the Bankruptcy Code, this Court should enter the proposed order recognizing the Company's bankruptcy proceeding in Canada as a foreign proceeding under chapter 15.

## POINTS AND AUTHORITIES

### Facts

The pertinent facts, including, without limitation, the facts recited below, as set forth in the Verified Petition certified by the Petitioner, and supported by the Declaration of Ralph Rossdeutscher (the "Rossdeutcher Declaration"), as further supported by the exhibits to the Verified Petition, all of which were filed contemporaneously with the Official Form Voluntary Petition on January 26, 2012, are fully incorporated herein.

### MEMORANDUM OF LAW

The relief requested should be granted. Under section 1517(a) of the Bankruptcy Code, an order recognizing a foreign proceeding "shall be entered" if all of the requirements for recognition have been met. In other words, the decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings of the sort previously evaluated under prior section 304(c). As the legislative history to Chapter 15 indicates, "[t]he requirements of [section 1517], which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition." H.R. REP. 109-31, pt. 1 (2005). Thus, recognition under section 1517(a) of the Bankruptcy Code is mandatory where, as here, the chapter 15 petition and supporting documents meet the statutory requirements.

The Petitioner has filed a valid Verified Petition, along with each of the other documents required by section 1515 of the Bankruptcy Code. In addition, as demonstrated in the Verified Petition and the supporting documents filed in connection therewith, a voluntary bankruptcy in Canada was commenced by the Company. Accordingly, the Petitioner has satisfied the

requirements of section 1517(a) and is entitled to entry of any order recognizing the Canadian proceeding as a foreign main proceeding under section 1517(b)(1).

## I. THE CASE IS PROPERLY A CASE UNDER CHAPTER 15

### A. The Case Concerns a Foreign Proceeding

Section 101(23) of the Bankruptcy Code defines a "foreign proceeding," in pertinent part, as follows:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(3).

Here, the Company's pending Canadian bankruptcy proceeding qualifies as a foreign proceeding under section 101(23). First, the Company's bankruptcy proceeding is a collective proceeding because it is not for the benefit of a single creditor, but rather the Company's creditor body as a whole. Second, the Canadian proceeding is pending in a foreign country, Canada. Third, as discussed in more detail in the Rossdeutcher Declaration, the Company's assets and affairs are subject to the control of Natura World, Inc. who is operating its business in the ordinary course and administering its reorganization subject to the jurisdiction of the Superior Court of Justice in Bankruptcy and Insolvency in Ontario, Canada. Accordingly, the Canadian proceeding satisfies all of the requirements of section 101(23) of the Bankruptcy Code.

### B. This Case Was Commenced by a Foreign Representative

The chapter 15 case was commenced by the duly court-appointed and authorized "foreign representative" within the meaning of the section 101(24) of the Bankruptcy Code, which provides, in pertinent part, as follows:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

1  11 U.S.C. § 101(24). The Petitioner is responsible for, among other things, locating, protecting
2  and preserving the Company's property, administering the Debtor's assets, carrying out
3  investigations respecting the affairs or property of the Company, and exercising an extensive array
4  of powers. Accordingly, the Petitioner is a "foreign representative" within the meaning of section
5  101(24) of the Bankruptcy Code and is therefore entitled to commence this case under chapter 15
6  of the Bankruptcy Code.

7  **II.    THE FOREIGN PROCEEDING SHOULD BE RECOGNIZED AS A FOREIGN MAIN PROCEEDING**
8

9  This Court should recognize the Canadian proceeding as a "foreign main proceeding" as
10 defined in section 1502(4) of the Bankruptcy Code. The Bankruptcy Code provides that a foreign
11 proceeding for which chapter 15 recognition is sought must be recognized as a "foreign main
12 proceeding" if it is pending in the country where the debtor has its center of main interests. 11
13 U.S.C. § 1517(b)(1). While the Bankruptcy Code does not define "center of main interests," it
14 does provide that absent evidence to the contrary, the location of the debtor's registered office is
15 presumed to be the center of the debtor's main interests. 11 U.S.C. § 1516(c); See In re Betcorp,
16 Ltd., 400 B.R. 266 (Bankr. D.Nev. 2009) (courts do not apply a rigid formula but analyze a variety
17 of factors including the debtor's administration, management, and operations and along with the
18 third parties can discern where the debtor is conducting these functions); In re Artinun, S.R.L.,
19 335 B.R. 149, 159 (Bankr. C.D. Cal. 2005) (noting that debtor's center of main interests was
20 Rome, the location of its registered office).

21 Here, the Company's registered office is located in Canada. Moreover, the Company is
22 incorporated in Canada. Accordingly, given that the Canadian proceeding is pending in Canada –
23 the center of the Company's main interests – such proceeding should be recognized as a foreign
24 main proceeding as defined in section 1502(4) of the Bankruptcy Code.
25 / / /
26 / / /
27 / / /
28 / / /

**CONCLUSION**

For the foregoing reasons, the Petitioner respectfully requests that this Court (i) enter an order recognizing the Company's proceeding pending in Canada as a foreign main proceeding under section 1517 of the Bankruptcy Code, (ii) granting the relief requested in the Petition, and (iii) granting such other and further relief as may be just and proper.

Dated this 26th day of January, 2012.

/s/ Jeanette E. McPherson
Jeanette E. McPherson, Esq.
Lenard E. Schwartzer, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
*Counsel for Petitioner*